IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sammy Rowdy Parker, ) | Case No.: 2:23-cv-2825-JD-MGB |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Chief, York County Detention Center, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Mary Gordon Baker, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 9.) Petitioner Sammy Rowdy Parker ("Petitioner" or "Parker"), proceeding *pro se*, filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 against Respondent Chief, York County Detention Center ("Respondent"), alleging that the state court violated Petitioner's constitutional rights by failing to provide him with a preliminary hearing or bond reduction, despite him notifying the Clerk of Court, Sixteenth Circuit Solicitor's Office, and Public Defender's Office. (DE 1, p. 4.) The Petition also asserts that the state court did not appoint Petitioner a public defender until May 23, 2023. (Id.) For relief, Petitioner seeks "[i]mmediate appointment of counsel," "fair and reasonable bond," and dismissal of Petitioner's "case and charges." (Id. at 5.) At the time Petitioner filed this

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

action, he was detained at the York County Detention Center; however, state court records indicate he has since posted bond.[2]

The Report was issued on August 17, 2023, recommending the Petition be summarily dismissed without prejudice and without requiring Respondent to file a response because Petitioner cannot demonstrate "special circumstances," or show that he has no adequate remedy at law and will suffer irreparable injury if denied his requested relief. (DE 9.) Petitioner has not objected to the Report. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Therefore, the Court adopts the Report (DE 9) and incorporates it here by reference.

It is, therefore, **ORDERED** that Parker's Petition is dismissed without prejudice and without requiring the Respondent to respond. Further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

---

[2] A search of the York County Detention Center's electronic inmate database confirmed that Petitioner is not one of the facility's current detainees. See https://www.yorkcountygov.com/706/Inmate-Information (last visited December 11, 2023).

**IT IS SO ORDERED**.

*Joseph Dawson, III*
Joseph Dawson, III
United States District Judge

Florence, South Carolina
December 11, 2023

### NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from this date, under Rules 3 and 4 of the Federal Rules of Appellate Procedure.